```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ANTHONY MODAFFARE,                  :
                                    :
          Plaintiff,                :   CIVIL ACTION
                                    :
     vs.                            :   No. 08-cv-2855
                                    :
OWENS-BROCKWAY GLASS                :
CONTAINER, INC.,                    :
                                    :
          Defendant.                :
```

## MEMORANDUM and ORDER

**Joyner, J.**                                    **August 12, 2009**

Before this Court is Defendant Owens-Brockway Glass Container Inc.'s Motion for Summary Judgment (Doc. No. 18) and Plaintiff Anthony Modaffare's Response in Opposition (Doc. No. 21). For the reasons set forth, we will deny Defendant's Motion in part and grant it in part.

## BACKGROUND[1]

Plaintiff, Anthony Modaffare, was employed as an automatic palletizer attendant by Defendant, Owens-Brockway Glass Container Inc., from May 2005 until November 2007. During the course of his employment, Plaintiff was disciplined multiple times for

---

[1] As is required in considering summary judgment motions, the factual background is presented in the light most favorable to the non-moving party, which in this case is the plaintiff. See Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000).

1

problems with attendance.  He also took five leaves of absence to recover from a workplace injury and deal with alleged psychological trauma caused by his failing marriage.

In August 2005, Plaintiff was absent from work and admitted that he had altered a letter from his doctor in an attempt to justify his absence.  After this transgression, Defendant decided to place Plaintiff on a Last Chance Agreement.  The Last Chance Agreement stated that Plaintiff:

> must maintain a perfect attendance record from September 1, 2007 to August 31, 2009.  If he is absent without authorization, or is guilty of work related misconduct, or breach of plant rules[,] his employment may be terminated by the Employer, without the recourse of the grievance procedure.

Pl. Ex. C.  Less than one month after signing the Last Chance Agreement, Plaintiff violated its terms by arriving late for a shift because his car allegedly ran out of gas.  While Defendant had the right to terminate Plaintiff at that time, it chose not to do so.

On November 16, 2007, Plaintiff requested a leave partly for medical reasons but was told by Defendant that he was not allowed to take the leave and had to report to work.  An hour into his shift on November 18, Plaintiff requested leave so he could go to the emergency room and was allowed to go.  The following day, Plaintiff failed to show up for work, after which Defendant

suspended him pending termination.  On November 20, Plaintiff was called in for a meeting with Defendant at which point Defendant notified Plaintiff that he was being terminated for violating the Last Chance Agreement.  At the meeting, Plaintiff learned that the notice from his emergency room doctor said that he would be able to return to work on November 19, not November 20, as Plaintiff had believed.  In an effort to save his job, Plaintiff went to his doctor and received a letter that stated that the doctor had made a mistake in his original note and that Plaintiff was not able to return to work until November 20.  Despite this letter, Defendant upheld its decision to terminate Plaintiff.

Plaintiff has charged Defendant with retaliating against him for engaging in protected activity under the Family Medical Leave Act (FMLA), interfering with his rights under the FMLA, and wrongful termination.

**STANDARD**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and   . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the suit. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  An issue of material fact is genuine "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.  If the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "do more than simply show there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  If the non-moving party bears the burden of persuasion at trial, "the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden."  Kaucher v. County of Bucks, 456 F.3d 418, 423 (3d Cir. 2006) (quoting Wetzel v. Tucker, 139 F.3d 380, 383 n. 2 (3d Cir. 1998)).

In conducting our review, we view the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  See Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000).  However, there must be more than a "mere scintilla" of evidence in support of the non-moving party's position to survive the summary judgment stage.  Anderson, 477 U.S. at 252.  "'[A]n inference based on speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment.'"  Koltonuk v. Borough of Laureldale, 443 F. Supp. 2d 685, 691 (E.D. Pa. 2006) (quoting Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n.12 (3d Cir. 1990)).

4

**DISCUSSION**

**Count I: Retaliation for engaging in activity protected under the FMLA**

In order to establish a prima facie case of retaliation for engaging in activity protected under the FMLA, Plaintiff must show that: (1) he took an FMLA leave, (2) he suffered an adverse employment decision, and (3) the adverse decision was causally related to his leave.  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 146 (3d Cir. 2004).  In order to be eligible to take an FMLA leave, an employee must work for an employer with at least 50 employees within a 75-mile radius and the employee must have been employed for 12 months and for at least 1,250 hours of service during the previous 12-month period.  29 U.S.C. §2611(2)(A)(ii); 29 U.S.C. §2611(2)(B)(ii).  It is undisputed that at the time of the leave at issue, November 19, 2007, Plaintiff was eligible under this standard.  An eligible employee is entitled to leave "because of a serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. §2612 (a)(1)(D).  A serious health condition is defined as "an illness, injury, impairment, or physical or mental condition that involves – (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care

provider." 29 U.S.C. §2611 (11). Considering this definition in the light most favorable to Plaintiff, his medical condition could qualify as a serious health condition because he received treatment from a psychologist for adjustment disorder, anxiety, and depression from June of 2007 through late November of 2007. (Francis Dep. at 8, 16, 22, 26.) See Magruda v. Belle Vernon Area School Dist., No. 06-0995, 2009 U.S. Dist. LEXIS 13761, at *36, 2009 WL 440386 (W.D. Pa. Feb. 23, 2009) (finding that whether adjustment disorders, anxiety, and depression are serious health conditions are issues of material fact that survive summary judgment); Hurlbert v. St. Mary's Health Care System, Inc., 439 F.3d 1286 (11th Cir. 2006) (finding that there is an issue of fact, sufficient to survive summary judgment, as to whether anxiety qualifies as a serious health condition). Additionally, Plaintiff claims that he was excused from work on November 19 by his emergency room doctor because the Benadryl that was prescribed to him would make him sleepy and drowsy and thus, unable to perform his work functions. (Modaffare Dep. at 67.)

    An employee does not need to explicitly state that a requested leave is an FMLA leave. He simply must state a "qualifying reason" for the requested leave to be protected under the FMLA. 29 C.F.R. §825.208 (a)(2). The critical question is

6

whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition. Sarnowski v. Air Brooke Limousine, Inc., 510 F.3d 398, 402 (3d Cir. 2007) (quoting Manuel v. Westlake Polymers Corp., 66 F.3d 758, 764 (5th Cir. 1995)). Under the standard outlined above, Plaintiff's conversations with Defendant about his family and emotional problems, anxiety, and ongoing psychiatric treatment could be enough, in light most favorable to the Plaintiff, to put Defendant on notice that Plaintiff qualified for FMLA leave. Because Plaintiff was eligible and provided Defendant with a potentially qualifying reason for his leave, he may be able to establish that he properly took an FMLA leave.

Turning to the second step of establishing a prima facie case of retaliation, after taking the leave on November 19, Defendant terminated Plaintiff. Termination is a clear adverse employment decision.

Lastly, Plaintiff must show that his termination was causally related to his taking an FMLA leave. In analyzing this step of the prima facie case, we turn to the McDonnell Douglas burden-shifting analysis as articulated in Jalil. The plaintiff has the initial burden of proving a prima facie case of retaliation. Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir.

1989). Once this is successfully completed, the burden shifts to the defendant to prove that there was a legitimate reason for the termination. Id. The burden then shifts back to the plaintiff to prove that the legitimate reasons offered by the defendant were pretextual. Id.

Plaintiff argues that he was terminated on November 20 because of a history of attendance transgressions, some of which were FMLA-qualifying. A causal connection may be demonstrated by "evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." Jalil, 873 F.2d at 708 (quoting Burrus v. United Tel. Co., 683 F.2d 339, 343 (10th Cir. 1982)). Since Plaintiff was terminated the day after taking an allegedly FMLA-qualifying leave, viewing the record in the light most favorable to him, we find that a jury could reasonably find that Plaintiff has established that his termination may have been causally related to his leave.

Defendant argues that it legitimately terminated Plaintiff for violating the terms of the Last Chance Agreement by being absent from work on November 19 despite being cleared to work by his emergency room doctor. In order to succeed on his retaliation claim, Plaintiff must then show that Defendant's justification for terminating him was pretextual. Pretext can be

demonstrated by "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons." Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 94 (3d Cir. 1999) (quoting Kolb v. Burns, 727 A.2d 525, 531 (N.J. 1999)).

In this case, pretext could be demonstrated by Defendant's alleged discrimination against Plaintiff for his health problems. Plaintiff argues that Defendant discriminated against him by initially not allowing him to volunteer for higher paying jobs due to health concerns even after he received clearance from his doctor. After Plaintiff filed a grievance, Defendant said that it would let Plaintiff work the jobs if an independent doctor gave him medical clearance. (Pl. Ex. I, J.) Despite receiving clearance from this second doctor, Defendant allegedly contradicted itself by still not allowing Plaintiff to work the extra jobs. (Modaffare Dep. at 120-121.) Plaintiff argues that this incident is an example of Defendant's history of antagonism toward him for missing work due to his health problems.

Plaintiff also contends that Defendant's inconsistent enforcement of Last Chance Agreements is further evidence of pretext. Another of Defendant's employees, Jeremy Serafini, was placed on a Last Chance Agreement and was given verbal and written warnings for violating its terms but was never

terminated. (Serafini Dep. at 12, 16.) Mr. Serafini has testified that violations of his Last Chance Agreement did not involve health problems and that he never requested an FMLA leave from Defendant. Plaintiff also notes that he himself violated the terms of his Last Chance Agreement without getting terminated when he was late to work because his car allegedly ran out of gas. Thus, Plaintiff concludes that it was not until he violated the Agreement due to a health problem that Defendant decided to terminate him.

Lastly, Plaintiff argues that the fact that Defendant did not reverse its decision to terminate Plaintiff after being presented with a letter from the emergency room doctor confirming the mistake in the original note is another example of pretext. Plaintiff maintains that if Defendant actually terminated Plaintiff solely for violating his Last Chance Agreement, upon realizing the mistake made by the doctor, Defendant should have concluded that Plaintiff did not violate the Last Chance Agreement because he was not "absent without authorization." Because, Plaintiff argues, Defendant did not overturn its termination decision, in the light most favorable to Plaintiff we can infer that there was some other reason for the termination. These three arguments, supported by evidence, are sufficient to defeat summary judgment.

Because Plaintiff has provided sufficient evidence of all the elements of his retaliation claim such that a reasonable jury could rule in his favor, this count survives summary judgment.[2]

**Count II: Interference with rights under the FMLA**

To establish a prima facie case of interference with rights under the FMLA, "the employee only needs to show that he was entitled to benefits under the FMLA and that he was denied them." Callison v. City of Phila., 430 F.3d 117, 119 (3d Cir. 2005). Plaintiff could have been entitled to FMLA benefits because, as discussed above, he was both eligible for FMLA leave, having worked enough hours over the past 12 months, and had a health condition that occasionally rendered him unable to perform the functions of his position. Having established that he could have been entitled to benefits, Plaintiff must next show that he was denied those benefits. Plaintiff has alleged several instances in which he was denied FMLA benefits. Specifically, employers have an obligation to communicate with employees regarding their rights under the FMLA and Plaintiff alleges that Defendant did not do so. Conoshenti, 364 F.3d at 142.

---

[2] We hasten to note that, although Plaintiff's FMLA claims survive summary judgment, this determination has been an extremely close one. Indeed, our holding today is primarily facilitated by our view of the record evidence in the light most favorable to the Plaintiff, in whose favor we must resolve all factual inferences.

11

Case 2:08-cv-02855-JCJ Document 23 Filed 08/13/09 Page 12 of 15

Here there is evidence that Plaintiff was never advised of his eligibility to take an FMLA leave after becoming eligible for FMLA coverage in June of 2007, as required by the statute. Modaffare Aff. The only evidence on the record of Defendant communicating with Plaintiff regarding his FMLA status are two instances in which Defendant informed Plaintiff in writing that his requested leaves were not FMLA-qualifying because he did not meet the hours requirement. (Pl. Ex. 5,6.) To this point, Defendant has not provided any evidence that it informed Plaintiff of his eligibility for FMLA leave. He was also denied a leave request on November 16, 2007, that was allegedly FMLA-qualifying, another violation of the statute. On that day, Plaintiff asked his supervisor if he could take a medical leave because he had not been sleeping or eating much due to his anxiety and he wanted to go see his psychiatrist for medication. Defendant allegedly denied Plaintiff's request because he had missed too much work in the past for those same reasons. (Modaffare Dep. at 30-31, 36-37.) Lastly, Defendant allegedly violated Plaintiff's right to not be terminated for taking FMLA leaves. 29 C.F.R. §825.220 (c). Defendant testified that Plaintiff was terminated for missing work due to "the same problems he had before." (Raybuck Dep. at 61, 64.) In the light most favorable to the Plaintiff, this statement can be inferred

12

as referring to Plaintiff's past medical leaves, which include FMLA leaves.  Because it is a violation to consider absenteeism due to an FMLA leave in a decision to terminate an employee, this is another conceivable example of Defendant denying Plaintiff benefits to which he was entitled under the FMLA. 29 C.F.R. §825.220 (c).

Plaintiff has presented sufficient evidence of Defendant denying him his FMLA rights in order to survive summary judgment on this count.

**Count III:   Wrongful termination**

Plaintiff's wrongful termination claim is a matter of state law.  A federal court uses its supplemental jurisdiction and applies Pennsylvania state law as announced by the Supreme Court of Pennsylvania.  Ferrel v. Harvard Indus., Inc., 2001 WL 1301461 (E.D. Pa 2001).  Pennsylvania recognizes a cause of action for an at-will employee who alleges retaliatory discharge for filing a worker's compensation claim.  Shick v. Shirey, 552 Pa. 590, 592, 716 A.2d 1231, 1234 (1998).  While the general rule in the Commonwealth is that at-will employees do not have a cause of action for being terminated, there is an exception to the rule if the termination violates public policy.  Id. at 596.  The Worker's Compensation Act underlies the Commonwealth's finding

that terminating an at-will employee for filing a worker's compensation claim is a violation of public policy. Id. at 603.

In the instant case, the parties dispute whether Plaintiff was an at-will employee at the time of his termination. In Pennsylvania, an at-will employee is defined as "one whose employment is not governed by a written contract for a specific term and who is terminable at the will of either the employer or the employee." McNichols v. Com., Dep't. of Transp., 804 A.2d 1264, 1267 (Pa. 2002) (citing Werner v. Zazyczny, 545 Pa. 570, 681 A.2d 1331 (1996)). Defendant claims Plaintiff was a union member subject to the terms of a collective bargaining agreement, which would mean that he was not at at-will employee and does not have a cause of action. Harper v. Am. Red Cross Blood Servs., 153 F.Supp. 2d 718, 721 (E.D. Pa. 2001). Plaintiff claims that by signing the Last Chance Agreement and losing his grievance recourse, he was legally converted to an at-will employee.

Plaintiff's Last Chance Agreement states that he "may be terminated by the Employer, without the recourse of the grievance procedure" and that "any sunset clause for disciplinary notices in the Collective Labor Agreement will not apply to this agreement and/or David Modaffare for 24 months from the period of this agreement." (Pl. Ex. C.) Plaintiff is essentially arguing that by losing the grievance procedure to which he was entitled

14

under the Collective Labor Agreement, the Collective Labor Agreement does not apply to him for 24 months and thus, he is an at-will employee for that period.

In Pennsylvania, an employee is not an at-will employee if one of the following is established: (1) there is an agreement between employer and employee for a definite duration; (2) there is an agreement that specifies that the employee will be discharged for just cause only; (3) there is sufficient additional consideration to establish a contract; or (4) an applicable recognized public policy exception to the at-will employment doctrine exists.  <u>Luteran v. Loral Fairchild Corp.</u>, 455 Pa.Super. 364, 370, 688 A.2d 211, 214 (1997) (citing <u>Roberston v. Atlantic Richfield Petroleum</u>, 371 Pa.Super. 49, 537 A.2d 814 (1987)).  In this case, Plaintiff's Last Chance Agreement, an agreement between Plaintiff and Defendant, specifies that the agreement will last for a period of two years. Because the Last Chance Agreement is an agreement between the Defendant and Plaintiff for a definite duration, Plaintiff is not an at-will employee.  Since he is not an at-will employee, Plaintiff does not have a cause of action for the tort of wrongful termination for filing a worker's compensation claim. Thus, Defendant's motion for summary judgment on this count is granted.